### REISLER v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. May 14, 1912.)

APPEAL AND ERROR (§ 566*)—AMENDMENTS TO PROPOSED CASE—EXTENSION OF TIME.

    A complaint was dismissed January 18th, and plaintiff filed notice of appeal on February 3d, and served his proposed case February 23d. Defendant's time to serve proposed amendments, which expired March 4th, was extended to March 25th, and thereafter, on the ground that it had been impossible for defendant to prepare the amendments owing to the large amount of business on hand, was extended until 30 days after the delivery of the stenographer's minutes to the defendant, without directing such delivery within any definite time, or imposing upon defendant any terms as to cost of keeping the type of the proposed case standing. *Held*, that the order as made was not a proper exercise of the trial court's discretion.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2511–2514; Dec. Dig. § 566.*]

Appeal from City Court of New York, Special Term.

Action by John J. Reisler against the Interborough Rapid Transit Company. From an order of the City Court of the City of New York extending defendant's time to serve proposed amendments to plaintiff's proposed case on appeal, plaintiff appeals. Modified.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

H. & H. S. Mendelsohn, of New York City, for appellant.

James L. Quackenbush, of New York City (Bayard H. Ames and John Montgomery, both of New York City, of counsel), for respondent.

SEABURY, J. This case illustrates the unnecessary delay in the determination of a lawsuit which arises from the dilatory tactics pur-

sued by attorneys. The action was brought to recover damages for false imprisonment. The trial was commenced on January 17, 1912, and was concluded on the day following, when the complaint was dismissed. On February 3d the plaintiff filed his notice of appeal. The plaintiff served his proposed case on February 23, 1912. The defendant's time to serve proposed amendments expired on March 4th. This time was further extended by stipulation until March 9th. Upon motion, the defendant's time was further extended to March 19th. On this date the defendant's time was again further extended by stipulation to March 25th. On March 25th an order was obtained requiring the plaintiff to show cause why the defendant's time should not be extended for an additional 15 days. Upon the return of this order to show cause, the court made an order further extending the defendant's time until 30 days after the delivery of the stenographer's minutes to the defendant.

It appears from the affidavits submitted on the motion that the plaintiff had caused the proposed case to be printed, and that he was being charged by the printer for every day that the type was kept standing. The stenographer's minutes amount to only about 100 typewritten pages. The plaintiff, who had procured a copy of the minutes, loaned his copy to the defendant on February 23d. After the plaintiff's attorney refused to consent to any further extension of the defendant's time, he demanded the return of these minutes. The defendant attempts to excuse its delay on the ground that:

"Owing to a large amount of business which has come into deponent's hands to attend to since the service of the said proposed case, it has been impossible for deponent to complete the preparation of said amendments."

We are of the opinion that the excuse alleged is wholly insufficient. The order appealed from does not direct that the stenographer's minutes are to be furnished within any definite time. The defendant had ample time within which to prepare its amendments between February 23d and the date when it obtained the order to show cause. Under these circumstances, the discretion of the learned court below was not judiciously exercised in making the order appealed from, without imposing any terms upon the defendant.

The order is modified, with $10 costs and disbursements of the appeal to the appellant, so that the order shall prescribe that the motion is granted to the extent of allowing the defendant five days from the date of the order entered herewith and service of a copy thereof, with notice of entry, within which to serve its proposed amendments, provided that the defendant shall pay to the plaintiff's attorneys the expenses incurred by reason of keeping the type standing and $10 costs of the motion. All concur.